# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **MICHELLE FLORES** | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO._____** |
| | § | |
| **WAL-MART STORES TEXAS, LLC** | § | |
| | § | |
| **DEFENDANT.** | § | |

---

### INDEX OF STATE COURT PLEADINGS AND FILING DATES

---

| TAB | DOCUMENT | DATE |
|---|---|---|
| 1. | State Court Docket Sheet of the 298th Judicial District, Dallas, County Texas; Cause No. DC-22-08753 | 09/09/2022 |
| 2. | Plaintiff's Original Petition | 07/29/2022 |
| 3. | Citation Issued to Defendant Wal-Mart Stores, Texas, LLC | 08/04/2022 |
| 4. | Jury Fee Paid by Plaintiff | 08/04/2022 |
| 5. | Defendant's Wal-Mart Stores Texas, LLC's Original Answer to Plaintiff's Original Complaint | 09/06/2022 |

# TAB NO. 1

## Case Information

DC-22-08753 | MICHELLE FLORES vs. WAL-MART STORES TEXAS, LLC

| Case Number | Court | Judicial Officer |
|---|---|---|
| DC-22-08753 | 298th District Court | TOBOLOWSKY, EMILY |
| File Date | Case Type | Case Status |
| 07/29/2022 | PROPERTY | OPEN |

## Party

PLAINTIFF
FLORES , MICHELLE

Active Attorneys ▾
Lead Attorney
SMITH, JOE
Retained

DEFENDANT
WAL-MART STORES TEXAS, LLC

Address
REGISTERED AGENT CT CORPORATION SYSTEMS
1999 BRYAN STREET STE 900
DALLAS TX 75201

Active Attorneys ▾
Lead Attorney
DAVIS, DEREK S.
Retained

## Events and Hearings

07/29/2022 NEW CASE FILED (OCA) - CIVIL

07/29/2022 ORIGINAL PETITION ▾

ORIGINAL PETITION

07/29/2022 ISSUE CITATION ▾

ISSUE CITATION - WAL-MART STORES TEXAS LLC

07/29/2022 JURY DEMAND ▾

FP FILE DESK JURY DEMAND FORM

08/04/2022 CITATION▾

Unserved

Anticipated Server
ESERVE

Anticipated Method
Comment
WAL-MART STORES TEXAS, LLC

09/06/2022 ORIGINAL ANSWER - GENERAL DENIAL ▾

ORIGINAL ANSWER

## Financial

FLORES , MICHELLE

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | $368.00 |
| | Total Payments and Credits | | | $368.00 |
| 8/2/2022 | Transaction Assessment | | | $368.00 |
| 8/2/2022 | CREDIT CARD - TEXFILE (DC) | Receipt # 46932-2022-DCLK | FLORES , MICHELLE | ($231.00) |
| 8/2/2022 | STATE CREDIT | | | ($137.00) |

## Documents

ORIGINAL PETITION

FP FILE DESK JURY DEMAND FORM

ISSUE CITATION - WAL-MART STORES TEXAS LLC

ORIGINAL ANSWER

# TAB NO. 2

FILED
7/29/2022 2:14 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Angie Avina DEPUTY

1 CIT ESERVE / JURY

NO. ___DC-22-08753___

| | | |
|---|---|---|
| MICHELLE FLORES | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | 298th |
| V. | § | _____ JUDICIAL DISTRICT |
| WAL-MART STORES TEXAS,LLC | § | |
| Defendant. | § | OF DALLAS COUNTY, TEXAS |

---

**PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURES, INTERROGATORIES, ADMISSIONS AND REQUESTS FOR PRODUCTION**

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES MICHELLE FLORES** (hereinafter sometimes "Plaintiff'), complaining of and about WAL-MART STORES TEXAS, LLC d/b/a and/or a/k/a Wal-Mart Supercenter Store (hereinafter sometimes called "Defendant" or "WAL-MART"), and for cause of action would show unto the Court the following:

## I. DISCOVERY CONTROL PLAN LEVEL

Plaintiff intends for discovery to be conducted under Level 1, because this suit involves only monetary relief aggregating not more than $100,000.00 excluding court cost, prejudgment interest, and attorney fees. Responses to discovery requests are due **fifty (50) days** from the date Defendant is served with this petition.

## II. PARTIES AND SERVICE

Plaintiff, **MICHELLE FLORES,** is a resident of the State of Texas. Plaintiff is a resident of Texas. The last three digits of Plaintiffs' social security number and driver's license

number will be provided after Defendants produce their written confidentiality procedures.

Defendant WAL-MART STORES TEXAS, LLC d/b/a and/or a/k/a Wal-Mart Supercenter Store, is a Nonresident Limited Liability Company.

"Walmart Stores" is an assumed name or trade name under which the store does business. Defendant may be served with process on its registered agent: CT Corporation Systems, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

RULE 47 STATEMENT OF MONETARY RELIEF SOUGHT

Plaintiff would rather the jury decide what amount of money that would fairly and reasonably compensate the Plaintiff for the damages and injuries proven at the time of trial. However, Defendant will likely utilize Rule 47 of the Texas Rules of Civil Procedure to force Plaintiff to state a maximum amount of money claimed.

Plaintiff claims that the maximum amount of money that should ever be awarded in this case should not exceed One Hundred Thousand DOLLARS ($100,000.00). However, if the jury chosen in this case should determine that a larger sum would be appropriate to compensate the Plaintiff for injuries and damages as set forth in Plaintiffs' pleadings, then Plaintiff reserve their right to amend the petition to carry out the will of the jury as is their right under the U.S. and Texas Constitutions.

## III. <u>JURISDICTION AND VENUE</u>

The subject matter in controversy is within the

jurisdictional limits of this Court.

This court has jurisdiction over Defendant WAL-MART because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over WAL-MART will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

Plaintiff would show that Defendant had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant. This court has jurisdiction over Defendants because they are a foreign corporation which at all times conducted business in the State of Texas and is subject to jurisdiction in Texas as it has committed a tort in Texas. This satisfies the Texas long-arm statute of Texas Civil Practice and Remedies code 17.042(2) and makes Defendants subject to Texas jurisdiction.

Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendant to the state of Texas, thereby conferring specific jurisdiction with respect to said Defendant.

Furthermore, Plaintiff would show that Defendant engaged in activities constituting business in the state of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code.

Venue in Dallas County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## IV. <u>FACTS</u>

1.      On or about July 31, 2020, Plaintiff was injured on premises located at Walmart in Mesquite, Dallas County, Texas.

2.      Defendant controlled the premises in which Plaintiffs injuries occurred and had the exclusive right to control the property.

3.      Plaintiff was an invitee, shopping, at the time of the injury.

4.      Plaintiffs' injuries occurred as she was walking in the produce area, and she suddenly slipped and fell on grapes that were on the floor and suffering injury.

5.      *A* Walmart Manager began taking pictures.

6.      At all times material hereto, there were no signs or other warnings posted to alert Michelle of the danger posed by the slippery food such as grapes on the floor that caused her to slip and fall.

7.        As a result of the fall, Michelle sustained personal injuries. Following the fall she sought and received medical treatment from various medical providers for her personal injuries, including injuries to her knee, ankle, pinky finger, and back. Michelle's doctors identified the injuries suffered by Michelle Flores and created a treatment plan and provided treatments and medical care.

8.        At all times material hereto, Defendant was the owner and/or possessor  of the Subject Premises. Further, at all times material hereto, Defendant's premises were open  to the public for transacting business. As owner and/or possessor, Defendant owed Plaintiff and others a duty to maintain the Subject Premises in a condition that would not pose an unreasonable of harm, including the area where Plaintiff was injured.

9.        Defendant, as owner, possessor, controller, occupier and/or agent of said owner, possessor, controller and occupier of the Subject Premises owed Plaintiff a duty to exercise reasonable care for her safety.

10.       All of Michelle's injuries occurred as a direct result of the slip and fall inside the Wal-Mart Store that was proximately caused by the dangerous condition described herein, which, based on information and belief, Defendant knew or, in the exercise  of ordinary  care, should have known existed.

## V. __PLAINTIFF'S CLAIMS OF RESPONDEAT SUPERIOR__

11.      Plaintiff realleges and incorporates the facts and allegations that are set forth in paragraph above as if same were set forth at length herein.

12.      Plaintiff invokes the doctrine of *Respondeat Superior* as against Defendant.

13.      At the time of Michelle's slip and fall and her resulting injuries and immediately prior thereto, based on information and belief, various managers and employees were acting within the course and scope of their employment for Defendant.

14.      At the time of Michelle's fall and her resulting injuries and immediately prior thereto, on further information and belief, various managers and employees were engaged in the furtherance of Defendant's business.

## VI. __PLAINTIFF'S CLAIMS OF RES IPSA LOQUITUR__

15.      Because Defendants were in exclusive control over the premises at the time of this injury, Plaintiff relies on the doctrine of res ipsa loquitur in that Plaintiff will show that the character of the occurrence giving rise to this litigation is such that it would not have happened in the absence of negligence, and that the maintenance and safety of the facility was within the exclusive control of the Defendants at the time of the negligence occurred.

16.      Defendant, by and through its agents, servants and

employees is liable to Michelle Flores for failing to remove the dangerous condition or furnish sufficient warnings to make her aware of the location of the grapes on the floor which caused her to fall inside of the Wal-Mart Store, and for failing to exercise reasonable care for her safety.

VII.<u>CAUSES OF ACTION</u>

**CAUSE OF ACTION - PREMISES LIABILITY**

17.      Defendants owned and controlled the premises and/or managed and operated the store where Plaintiff was injured. Plaintiffs would show that at the time of the occurrence in question, one or more conditions existed on the premises that  posed an unreasonable risk of harm – grapes on the floor were there for a period of time sufficient to notice an remove in one of the high traffic areas of the store. The grapes on the floor in a high traffic area was an unreasonably dangerous condition. These unreasonably dangerous conditions caused Plaintiff to slip and fall and suffer serious injuries. Defendants failed to reduce or eliminate this unreasonably dangerous condition, or warn Plaintiff about the condition. Specifically, Defendants failed in their duty to make the condition safe because:

- there was no warning of the unreasonably dangerous condition;
- there was no attempt to remove the grapes, clean or sweep the area before your customer walked through or entered and attempted to leave the area in question; and
- policies, procedures and employee training regarding inspection and cleanup of the produce area was not

enforced and were violated.

Defendant Walmart owned, operated, managed or were in control of the property in question. Defendant knew or should have known that Plaintiff, or someone similarly situated to the Plaintiff, would be a licensee or invitee on the premises, and as such, had a duty to the Plaintiff.

18.        Defendants knew, or in the exercise of reasonable diligence, should have known of the dangerous conditions before the accident. Plaintiff had no awareness of the unreasonably dangerous conditions, which were not open and obvious to Plaintiff. The Defendant failed to exercise ordinary care to make the condition reasonably safe or to adequately warn Plaintiff of the unreasonably dangerous conditions. The Defendants' failure to exercise ordinary care proximately caused Plaintiff to suffer injuries and damages.

   A. Defendant breached its duty by allowing an unsafe condition to exist that, through the exercise of ordinary care, was known or should have been known;
   B. Defendant breached its duty by failing to warn Plaintiff of an unsafe condition existing on their property;
   C. Defendant breached its duty by failing to properly maintain the premises;
   D. Defendant breached its duty by failing to keep the premises reasonably safe;
   E. Defendant breached its duty by failing to exercise ordinary care; and
   F. Defendant breached its duty by failing to inspect the premises to discover latent defects.

**CAUSE OF ACTION - STRICT LIABILITY**

19.        The grapes on the floor were products being

offered for sale by Walmart. Walmart sells bags of grapes, and other fruit in the produce area, as part of its retail business. Walmart exercised substantial control over the over the grapes, where they are maintained in the store, how often the area where the grape are maintained is maintained and the Plaintiffs' harm.

**NEGLIGENCE CLAIM AGAINST WALMART**

20.     Defendant WALMART had a duty to exercise the degree of care that a reasonably careful business would use to avoid harm to others under circumstances similar to those described herein.

21.     Plaintiff's injuries were proximately caused by Defendant's negligent, careless, and reckless disregard of said duty.

**NEGLIGENT ACTIVITY**

22.     Pleading in the alternative, Plaintiff contends that her injuries were caused by a contemporaneous negligent act on the premises. The negligent activity involved Defendant's employees who failed to remove grapes from the floor near the area the grapes were kept, where they knew customers such as the Plaintiff would walk.

22.     Plaintiff alleges that, upon the occasion in question, Defendant, through its agents, servants and/or employees, failed to use ordinary care by various acts and omissions in at least the following ways: but is not limited

to, the following acts and omissions:

   a) Failing to exercise reasonable care to reduce or eliminate the dangerous condition caused by the contemporaneous negligent activity;
   b) Failing to exercise ordinary care in maintaining the premises in a reasonably safe condition;

   c) Failing to warn Plaintiff, of the unreasonably dangerous contemporaneous negligent activity;
   d) Creating and causing the unreasonably dangerous condition to exist on the subject premises;
   e) Failure to use reasonable care in training employees how to properly and safely maintain the interior floors of the subject premises;
   f) A. Defendant failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a business exercising ordinary prudence under the same similar circumstances;
   g) Defendant failed to inspect the property; and
   a. Failure to use reasonable care in supervising employees to ensure they are competent cleaning, preventing, removing and/or warning of unreasonably dangerous conditions.

## VIII.  <u>COMPENSATORY DAMAGES FOR PLAINTIFF MICHELLE FLORES</u>

23.      As a direct and proximate result of Defendant's conduct, Plaintiff suffered injuries.

24.      As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff MARTHA ALVAREZ suffered serious and painful injuries, and to incur the following damages:

1. Physical pain in the past and the future
2. Disfigurement in the past and future (scars) and loss of range of motion
3. Physical impairment in the past and future (enjoyment of life)
4. Medical expenses in the past and future
5. Other direct economic damages

## IX. <u>JURY DEMAND</u>

   Plaintiffs demand a jury trial.

**X. <u>REQUEST FOR DISCLOSURE</u>**

25.      Plaintiff requests Defendants disclose within 50 days of service of process the information or material described in Rule 194.2 of the Texas Rules of Civil Procedure.

**XI. <u>REQUEST FOR PRODUCTION</u>**

22.      Plaintiff requests that Defendants, Defendants' attorneys, and Defendants' insurance carriers, preserve all documents and evidence related to this accident, including all photographs, estimates and statements taken in connection with Defendants and Defendants' insurance carrier's investigation of this accident.

23.      Pursuant to Texas Rule of Civil Procedure 196, Plaintiff demands that Defendant respond and produce within fifty (50) days of service of this petition all documents related to the accident that are in the care, control or possession of Defendants, Defendants' attorneys, and Defendants' insurance carrier including, but not limited to the following documents:

> 1. All photographs (produce color photos) involved in this slip and fall.
> 2. All documents that Defendant intends to offer at trial in support of any claim or contention in this matter.
> 3. All employment records or contracts illustrating the occupation of any and all employees present on the scene at the time of the accident.

4. All documents or manuals pertaining to the training of Defendant's employees and procedures used.

5. All documents relating to any statements made by the Plaintiff regarding the incident or injuries.

6. The entire and complete incident report.

7. All written or recorded statements relating to the accident in question of all persons who have knowledge of relevant facts. This Request relates to all written or recorded statements and/or witness interviews and/or notes and memos regarding the statements.

8. All documents relating to or containing information concerning Defendants' investigation of the accident in question, why and how the accident occurred, and what could have been done to prevent the accident in question or- what can be done to prevent such an accident in the future.

9. All photos and videos of your customer while in the store, store parking lot and in the area where the accident occurred on July 31, 2020.

10. All photos and videos of the area where Michelle Flores fell that were taken on July 31, 2020, by store cameras, store video equipment or employee cameras and video or by any person investigating the slip and fall.

11. The store's policies and procedures, and training materials, in effect at the time of the slip and fall that relate to maintaining, cleaning and removing food (like grapes) from the floor.

12. All changes and/or modifications to the stores policies and procedures, and training materials that have been used after the slip and fall that

relate to slip and fall near the produce area and discovering and locating areas where grapes could fall and cause a danger to customers.

13. All drawings, designs, blueprints and specifications, maps or sketches of the scene of the occurrence in question.

14. All training materials and video and computer based information regarding slip and falls, and cleaning and safekeeping the Walmart stores.

15. All training materials that teach your employees about the safekeeping and disposal of all videos and photos and statements.

## XII. <u>INTERROGATORIES</u>

24. Pursuant to Texas Rule of Civil Procedure 197, demand is now made for Defendant to respond to the undersigned counsel within fifty (50) days of service of this petition with written answers to the following interrogatories:

1. Please state the full name, address, telephone number, date of birth, driver's license number, social security number, and occupation of the person answering these interrogatories.

2. Do you, your attorneys or investigators or anyone acting on your behalf, have any maps, charts, diagrams, photographs, videos, motion pictures, and/or recordings taken of the scene of this incident, or of any of the physical or mechanical objects, or of the person involved in this incident? If yes, then please indicate your willingness to allow the Plaintiffs' counsel in

this lawsuit to inspect and copy or photograph the same.

3.    If you contend that the incident in question was an "unavoidable accident," describe in detail what you believe to be the cause of the accident, to the exclusion of the conduct of the Plaintiffs or you.

4.    If you contend that someone else's conduct or something else is the "sole proximate cause" of the accident in question, describe in detail the identity of that person, or what exactly caused the accident.

5.    Please describe how the accident occurred.

6.    Identify the highest ranking Walmart officer or employee who resides and works in the state of Texas, who has oversight and/or decision making responsibility for multiple Walmart stores in Texas. State the address and county where such person has his or her primary office, and what said person's responsibilities consisted of on the date of this accident in question and the date of your response herein. There can be more than one highest ranking employee.

7.    Identify the district manager and provide his/her office address who is the district manager of the store where this accident occurred.

8.    Identify the present and former Walmart employees and managers who worked at the store and who were responsible for keeping the area where the Plaintiff fell, free and clear or risks.

9.    Identify all persons, Walmart employees and Walmart managers who placed or saw or walked by the grapes on the floor near the produce area where the accident occurred on July 31, 2022, before your customer fell.

10.     With regard to the Walmart employee(s) who had any responsibility for checking the floors of the store for safety and slip and fall hazards, including pooled or accumulated water, ice or other liquids or substances on September 16, 2013, identify and describe all training that said employees received prior to and after the accident, whether in written form or otherwise, relating to checking the floor of the store for safety hazards and slip and full hazards and the correction of the hazards before a customer or an employee was injured.

11.     Identify and describe all of Walmart's teaching, training, education, retraining and corrective measures, whether in written form or otherwise relating to checking the store for safety hazards, including without limitation, checking for grapes or substances on the floor and please identify all changes made to said teaching, training, education, retaining and corrective measures since July 31, 2020. The time period of interest in from January 1, 2020 through the present.

## XIII.  **REQUEST FOR ADMISSIONS**

Pursuant to Texas Rule of Civil Procedure 198, demand is now made upon Defendant to respond to the undersigned counsel within fifty (50) days of service of this petition with written responses to the following Request for Admissions:

1.     Admit that you have been properly named in the above entitled and numbered cause.

2.     Admit that you have been properly served with citation in the above entitled and numbered cause.

3.     Admit that the incident made the basis of this suit did not result from an unavoidable accident.

4.    Admit that there was no non-human event or condition that contributed to the incident made the basis of this suit.

5.    Admit that there was no non-human event or condition that was the sole cause of the incident made the basis of this suit.

6.    Admit that the incident made the basis of this suit was proximately caused, at least in part, by your negligence.

7.    Admit that your negligence was the sole cause of the incident made the basis of this lawsuit.

1.    Admit that you had the exclusive care, custody and control of the premises made the basis of this lawsuit.

8.    Admit that you failed to exercise ordinary care in the care, custody, control and maintenance of the premises made the basis of this  lawsuit.

9.    Admit that incident made the basis of this suit did not occur because of the negligence of the Plaintiff.

10.    Admit that that Plaintiffs did not fail to act as persons of ordinary prudence would have done under the same or similar circumstances in the incident made the basis of this suit

11.    Admit that you accept full responsibility for the incident made the basis of this suit.

## XIV. NOTICE PURSUANT TO TRCP 193.7

25.    Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Counsel for Plaintiff intends to use Defendants' discovery responses and any documents produced in discovery

in the trial of this cause of action and/or any hearings before the Court herein.

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Michelle Flores, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court, in an amount less than $100,000.00; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,
**SMITH LAW**

*/s/ Joe Smith*
Joe A. Smith
joe@slinjury.com
State Bar No. 24041942
P.O. Box 489
Desoto, Texas 75123
Tel: 214.943.0100
Fax: 888.317.8235
**ATTORNEY FOR PLAINTIFF**

# TAB NO. 3

FORM NO. 353-3—CITATION

# THE STATE OF TEXAS

ESERVE

# CITATION

To:   **WAL-MART STORES TEXAS, LLC**
     **REGISTERED AGENT CT CORPORATION SYSTEMS**
     **1999 BRYAN STREET STE 900**
     **DALLAS  TX  75201**

**No.: <u>DC-22-08753</u>**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **298th District Court** at 600 Commerce Street, Dallas, Texas 75202.

<u>**MICHELLE  FLORES**</u>
**vs.**
<u>**WAL-MART STORES TEXAS, LLC**</u>

 Said Plaintiff being **MICHELLE  FLORES**

**ISSUED**
**on this the 4th day of August, 2022**

Filed in said Court  **29th day of July, 2022** against

 **WAL-MART STORES TEXAS, LLC**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

For Suit, said suit being numbered <u>**DC-22-08753,**</u> the nature of which demand is as follows:
Suit on **PROPERTY** etc. as shown on said petition **REQUEST FOR DISCLOSURE, PRODUCTION, INTERROGATORIES AND ADMISSIONS** a copy of which accompanies
this citation.  If this citation is not served, it shall be returned unexecuted.

By: <u>**MEDELIN NAVARRETE**</u>, Deputy

**Attorney for Plaintiff**
**JOE SMITH**
**SMITH LAW**
PO BOX 489
DESOTO TX  75123
214-943-0100
joe@slinjury.com
<span style="color:red">**DALLAS COUNTY SERVICE FEES NOT PAID**</span>

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office  **on this the 4th day of August, 2022**

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas

By , Deputy
**MEDELIN NAVARRETE**



**OFFICER'S RETURN**

Cause No. DC-22-08753

Court No.: 298th District Court

Style: MICHELLE  FLORES
 vs.
WAL-MART STORES TEXAS, LLC

Came to hand on the _____day of _____, 20_____, at _____o'clock _____.M.
Executed  at  _____,  within  the  County  of  _____  at
_____o'clock _____.M. on the _____day of_____, 20_____,
by              delivering              to              the              within              named
_____
_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by me in serving such process was _____miles and my fees are as follows:      To certify which witness my hand.

|  | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____ County, _____ |
| For Notary | $_____ | By_____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____ day of _____,

20_____, to certify which witness my hand and seal of office.

_____
Notary Public_____ County_____

# TAB NO. 4

FELICIA PITRE
DALLAS COUNTY DISTRICT CLERK

NINA MOUNTIQUE
CHIEF DEPUTY

## CAUSE NO. DC-22-08753

MICHELLE  FLORES

vs.

WAL-MART STORES TEXAS, LLC

298th District Court

## **ENTER DEMAND FOR JURY**

JURY FEE PAID BY: MICHELLE FLORES

FEE PAID: 10

# TAB NO. 5

FILED
9/6/2022 10:02 AM
FELICIA PITRE
Case 3:22-cv-02009-M   Document 1-3   Filed 09/09/22   Page 30 of 37   PageID 41   DISTRICT CLERK
DALLAS CO., TEXAS
Loaidi Grove DEPUTY

CAUSE NO. DC-22-08753

| | | |
|---|---|---|
| MICHELLE FLORES, | § | IN THE DISTRICT COURT |
| PLAINTIFF, | § | |
| | § | |
| v. | § | 298th JUDICIAL DISTRICT |
| | § | |
| WAL-MART STORES TEXAS, LLC | § | |
| DEFENDANT. | § | DALLAS COUNTY, TEXAS |

## DEFENDANT WAL-MART STORES TEXAS, LLC'S
## ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, WAL-MART STORES TEXAS, LLC ("Defendant") in the above-styled and numbered cause, and files this Original Answer to Plaintiff's Original Petition, and in support hereof would respectfully show the Court the following.

### I.
### GENERAL DENIAL

1.      Defendant denies each and every, all and singular, the material allegations made and contained in the Original Petition and any petition which Plaintiff may hereinafter file by way of amendment or supplement, and, in accordance with Texas law, demands that Plaintiff prove by a preponderance of the credible evidence each and every such allegation made and contained therein, or the prevailing standard of proof required by applicable law.

### II.
### AFFIRMATIVE DEFENSES

2.      Pleading further, and in the affirmative, Defendant asserts the doctrine of comparative causation as set forth in Chapter 33 of the TEXAS CIVIL PRACTICE & REMEDIES CODE, which may bar any recovery by Plaintiff, or may in the alternative reduce the amount of recovery by Plaintiff based on the Plaintiff's own percentage of fault.

3.      Pleading further, if necessary, Plaintiff failed to mitigate Plaintiff's damages which may have resulted from the occurrence made the basis of this lawsuit.

4.      In the alternative, and without waiving the foregoing, Defendant affirmatively pleads the defense set forth in TEXAS CIVIL PRACTICE & REMEDIES CODE § 18.091, requiring Plaintiff to prove Plaintiff's loss of earning and/or loss of earning capacity in the form which represents Plaintiff's net loss after reduction for income tax payments or unpaid tax liability on said loss or earning claim pursuant to any federal income tax law. *Id*. Additionally, Defendant requests the Court to instruct the jury as to whether any recovery for compensatory damages sought by the Plaintiff, if any, is subject to federal to state income taxes.

5.      Additionally, to the extent Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf to Plaintiff's medical providers, Defendant asserts the statutory defense set forth in § 41.0105 of the TEXAS CIVIL PRACTICE & REMEDIES CODE.  Thus, recovery of medical or health care expenses incurred by Plaintiff, if any, are limited to the amount actually paid or incurred by or on behalf of Plaintiff.

6.      Pleading further, Defendant would show that it is entitled to a credit or offset equal to the amount of any and all sums that the Plaintiff has received, or may hereinafter receive, by way of settlement with any person or party. Alternatively, pursuant to Rule 48 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant contends that it is entitled to a proportionate reduction of any damages found against it based upon the percentage of negligence attributable to the settling tortfeasor, cross claimant, designated third party, or other party to this case.

7.      Pleading further, and in the affirmative, Defendant alleges Plaintiff's claims for pre-judgment interest are limited by the dates and amounts set forth in § 304.101 of the TEXAS FINANCE CODE and § 41.007 of the TEXAS CIVIL PRACTICE & REMEDIES CODE.

8.      Pleading further, and in the affirmative, Defendant invokes §41.0105 of the TEXAS CIVIL PRACTICE & REMEDIES CODE concerning Plaintiff's claim for the recovery of health care expenses and other related damages, past and future.

9.      Pleading further, and in the affirmative, Defendant asserts the doctrine of proportionate responsibility of TEXAS CIVIL PRACTICE & REMEDIES CODE Chapter 33, which may bar any recovery by Plaintiff, or may in the alternative, reduce the amount of recovery by Plaintiff based on Plaintiff's own percentage of fault.

10.     Pleading further, and in the affirmative, Defendant would show that the alleged occurrence made the basis of this lawsuit was the result of circumstances and/or events that were not of Defendant's own creation. Defendant would further show that it acted just as a similar situated reasonable premises owner would have acted under the same or similar circumstances surrounding the matters made the basis of this lawsuit.

11.     Pleading further, and in the affirmative, Defendant alleges that the injuries and damages alleged by Plaintiff may be due to Plaintiff's own negligence and recklessness in that Plaintiff's failure to exercise ordinary care proximately caused, in whole or in part, the alleged injuries and damages complained of by Plaintiff. Plaintiff's acts and omissions, whether taken together or separately, may be the sole proximate cause, or a proximate cause of the injuries and damages Plaintiff has alleged in this lawsuit. Any recovery by Plaintiff is therefore barred, or alternatively should be reduced in accordance with the applicable law.

12.     Pleading further, and in the affirmative, the injuries pled by Plaintiff may have been caused, in whole or in part, by superseding and/or intervening causes, including preexisting conditions and/or injuries and subsequently occurring injuries and/or conditions that were not Defendant's own creation.

13.     Pleading further, if necessary, Plaintiff's claims may have been caused by an unavoidable accident, Act of God, or an occurrence without any fault on the part of Defendant.

14.     Pleading further and in the alternative, Defendant alleges that any claims for or recovery of exemplary damages against it violates the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and Sections 3, 13 and 19 of Article I of the Texas Constitution, because such claims as made are arbitrary, unreasonable, and violate Defendant's rights to due process and equal protection of the laws.

15.     Pleading further and in the alternative, to the extent any recovery of exemplary damages is found to be constitutional, Defendant invokes all the limitations upon damages and exemplary damages contained in Chapter 41 of the Texas Civil Practice & Remedies Code, both in terms of the maximum amount of damages that can be awarded pursuant to that statute and the procedural safeguards guaranteed by the referenced provisions.

16.     Pleading further and in the alternative, Defendant also invokes all other applicable state law, federal law, statutory and/or common-law caps or limitations on exemplary damages.

17.     Pleading further and in the alternative, Defendant affirmatively asserts that Plaintiff did not exercise due diligence to effectively "bring suit" within the two-year time statute of limitation period prescribed by Chapter 16 of the Texas Civil Practice & Remedies Code. *See also Grant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990).

## III.
## NOTICE OF INTENT

18.     Defendant further places Plaintiff on notice pursuant to TEXAS RULE OF CIVIL PROCEDURE 193.7 that may use in pretrial proceedings or at trial any and all documents and tangible things produced in discovery by plaintiff.

## IV.
## <u>DEMAND FOR JURY TRIAL</u>

19.    In accordance with Rule 216 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant hereby demands a trial by jury.


**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that Plaintiff take nothing by this suit against Defendant, that Defendant be discharged, and that the Court grant such other and further relief, both general and special, at law and in equity to which Defendant may be justly entitled.

Respectfully submitted,

**COOPER & SCULLY, P.C.**

By:    */s/ Derek S. Davis*
       **DEREK S. DAVIS**
       Texas Bar No. 00793591
       Email:  Derek.Davis@CooperScully.com
       **JAMES N. KURITZKES**
       Texas Bar No. 24120956
       Email: James.Kuritzkes@CooperScully.com


900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: (214) 712-9500
Facsimile:  (214) 712-9540

**ATTORNEY FOR DEFENDANT**
**WAL-MART STORES TEXAS, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 6th day of September, 2022, a true and correct copy of the foregoing document was served on counsel of record *via* the Court's ECF filing service as follows:

**Joe A. Smith**
Smith Law
P.O. Box 489
Desoto, Texas 75123
Telephone: (214) 943-0100
Facsimile:  (888) 317-8235
Email:  joe@slinjury.com
**ATTORNEY FOR PLAINTIFF**

*/s/ Derek S. Davis*
**DEREK S. DAVIS**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Heather Savant on behalf of Derek Davis
Bar No. 793591
heather.savant@cooperscully.com
Envelope ID: 67963080
Status as of 9/7/2022 10:34 AM CST
Associated Case Party: MICHELLE  FLORES

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| JOE  SMITH | | joe@slinjury.com | 9/6/2022 10:02:01 AM | SENT |

### Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Heather Savant on behalf of Derek Davis
Bar No. 793591
heather.savant@cooperscully.com
Envelope ID: 67963080
Status as of 9/7/2022 10:34 AM CST

Associated Case Party: WAL-MART STORES TEXAS, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| James Kuritzkes | | james.kuritzkes@cooperscully.com | 9/6/2022 10:02:01 AM | SENT |
| Kim Denton | | kim.denton@cooperscully.com | 9/6/2022 10:02:01 AM | SENT |
| Heather Savant | | heather.savant@cooperscully.com | 9/6/2022 10:02:01 AM | SENT |